# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JOHN M. HOOPER, II and )
JOHN M. HOOPER, III, )
TRUSTEES OF THE TENNESSEE WINE )     NO. 3:08-1121
& SPIRITS COMPANY INDIVIDUAL )     JUDGE HAYNES
ACCOUNT RETIREMENT PLAN, )
)
      Plaintiff, )
)
v. )
)
ARCHIE H. ADAMS, )
)
      Defendant. )

## M E M O R A N D U M

Before the Court is Defendant's motion for attorney's fees and expenses (Docket Entry No 49) to which the Plaintiffs filed a response (Docket Entry No. 54).

Plaintiffs, the current trustees of the Tennessee Wine & Spirits Company ("TWS") Plan, filed this action on behalf of the Plan and its participants for guidance on their interpretation of their fiduciary obligations under Section 405 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiffs asserted that the Defendant had harmed the Plan and based on their interpretation of the facts and applicable law, the Defendant breached his fiduciary duties in connection with his retirement benefits.

A prevailing party in an ERISA action may be entitled to attorney fees under § 502(g)(1)(I) of ERISA. First Trust Corporation v. Bryant, 410 F.3d 842, 851 (6th Cir. 2005). Whether to award attorney fees require consideration of five factors.

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the defendant effect of an award on other persons under similar circumstances; (4) whether the party

requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

Gaeth v. Hartford Life Ins. Co., 538 F.3d 524, 529 (6th Cir. 2008); see also Secretary of Department of Labor v. King, 775 F.2d 666, 669 (6th . Cir. 1985); Moon v. Unum Provident Corp., 461 F.3d 639, 642 (6th Cir. 2006). Yet, "[n]o single factor is determinative, and thus, the Court must consider each factor before exercising its discretion." Gaeth, 538 F.3d at 529 (citing Moon, 461 F.3d at 642).

Although the Court ruled for the Defendant, the Court concludes that this action was pursued in good faith and represents a reasonable effort by the Plan's trustees to remedy the Defendant's perceived breach. The Defendant was a "named fiduciary" of the Plan subject to ERISA at the time of the conduct at issue and owed a duty to act only in the best interests of the Plan. As a fiduciary, the Defendant could not use his position for personal benefit. Plaintiffs had reason to believe that the Defendant acted to obtain a higher payout for himself and decreased the amount of funds available to other participants in the Plan. Plaintiffs had a reasonable basis to believe that the Defendant had used his position and his knowledge acquired by reason of that position to benefit himself personally and to cause the Plan to pay his benefits sooner than he was otherwise entitled.

As to Plaintiffs' ability to pay, the trustees are the owners of TWS, but are suing in their capacity as trustees of the Plan. Any order to pay the fees and costs would be against the Plan, not Plaintiffs nor TWS. To award attorney fees would significantly decrease the Plan's assets to pay benefits to other participants. In any event, the ability to pay is not determinative. See Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550, 557-58 (6th Cir. 1987). ("Finally, we

2

conclude that consideration of the parties' relative ability to pay does not justify an award of fees. Although Firestone clearly possesses the ability to pay, this factor alone should not be dispositive when examination of all other relevant factors indicates that fees should not be awarded.")

As to whether a deterrent effect would be felt by "other persons under similar circumstances," Gaeth, 538 F.3d at 529, the Court deems the Plaintiffs' filing of this action to be a good faith decision to protect the Plan's resources in circumstances that were reasonable. An award of fees here would likely chill any attempts by similarly situated plan trustees to protect their own plan participants in close cases regarding perceived breaches by the Plan's fiduciary.

The judgment in this action does not resolve a significant legal question nor confer a common benefit. In this action, the Plan sought to retrieve Plan funds to benefit the Plan and its participants as a whole. This factor counsels against an award of any attorney fees or costs.

As to the relative merits of the parties' positions, the Defendant prevailed, but the Plan's position was more than colorable. See Cent. States, Se. & Sw. Areas Pension Fund v. 888 Corp., 813 F.2d 760, 767 (6th Cir. 1987) (reversing an award of attorneys' fees where the defendant took a "colorable legal position"). The fifth factor does not weight in favor of the Defendant.

For these reasons, Defendant's motion for attorney fees and expenses should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___18th___ day of June, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

3